IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SUTTON, GAIL SUTTON and DANIELLE SUTTON,<br><br>          Plaintiffs,<br><br>     v<br><br>JACQUELINE TEETS, JANE DOUGLAS, MARGARET P CONNERS dba VICTORIAN CARE HOMES OF THE MONTEREY PENINSULA, INC AND dba VICTORIAN HOME CARE, INC and SALLY REED, County Administrative Officer,<br><br>          Defendants.<br>_____/ | No   C-05-4469 VRW<br><br>ORDER |

     Since the filing of this case on November 3, 2005, the parties have filed numerous requests and motions, including plaintiffs' motion for leave to amend their complaint and defendants' various motions to dismiss.  For the reasons stated herein, the action is STAYED pending resolution of the Monterey County Superior Court conservatorship proceeding regarding Letitia Breng Rose (docket # MP 16886) and the exhaustion of all appeals taken therefrom.

**I**

Upon transfer from the Eastern District of New York, the case was filed in this court on November 3, 2005.  In the ensuing three months, plaintiffs and defendants filed the following requests and motions:

1) Plaintiffs' motion for entry of default judgment against defendant Jacqueline Teets, Doc # 3;

2) Plaintiffs' motion "to compel Defendant Sally Reed to Answer the Complaint," Doc # 10;

3) Defendant Sally Reed's motion to dismiss, Doc # 19, along with associated motions to amend, Doc # 26, and a supplemental motion to dismiss, Doc # 41;

4) Plaintiffs' motion to permit discovery, Doc # 25;

5) Defendant Jane Douglas's motion for judgment on the pleadings, Doc # 30;

6) Plaintiffs' motion for leave to file first amended complaint, Doc # 38;

7) Defendant Jacqueline Teets's motion for judgment on the pleadings, Doc # 51;

8) Defendant Margaret Conners's motion to dismiss, Doc # 68, and

9) Plaintiffs' motion to permit telephonic conference, Doc # 72.

For reasons stated in the following section, the court declines to rule on these motions at this time.

**II**

Defendants Sally Reed and Margaret Conners argue that the court should refrain from exercising jurisdiction over plaintiffs' claims under the <u>Younger</u> abstention doctrine.  Doc # 20 at 5-8; Doc # 68 at 6-10.  The court finds that this argument has merit.

//

Under the Younger abstention doctrine as initially formulated, principles of comity and federalism preclude a federal court from interfering with ongoing state criminal proceedings by providing injunctive or declaratory relief. Younger v Harris, 401 US 37, 43-54 (1971). Cases since Younger have extended the principle to preclude federal courts from interfering with state civil proceedings in a manner that would have the same practical effect as a formal injunction. See Trainor v Hernandez, 431 US 434 (1977); Gilbertson v Albright, 381 F3d 965, 977-78 (9th Cir 2004) (en banc). In Gilbertson, the Ninth Circuit held that, in a 42 USC § 1983 suit for money damages, ruling on the plaintiff's federal claims would have the same "practical effect" as an injunction on the pending state-court proceedings because the court would first have to determine whether a constitutional violation occurred, thus "frustrat[ing] the state's interest in administering its judicial system, cast[ing] a negative light on the state court's ability to enforce constitutional principles, and put[ting] the federal court in the position of prematurely or unnecessarily deciding a question of federal constitutional law." Gilbertson, 381 F3d at 978, 979-80.

Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings implicate important state interests and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm v Garden State Bar Ass'n, 457 US 423, 432 (1982).

All three requirements are met in this case. First, while Rose's death terminated the conservatorship itself, the

3

Monterey County Superior Court retained jurisdiction over the conservatorship proceeding, which is still pending.  See Cal Prob Code §§ 1860(a), 2630; see Supp Decl of William K Rentz, Doc # 22 and attached exhibits.  Second, the conservatorship proceeding implicates the state's important interests of governing family relationships and settling the estates within its jurisdiction.  See <u>Snyder v Altman</u>, 444 F Supp 1269, 1271 (CD Cal 1978) (citing <u>Browne v Superior Court</u>, 16 Cal 2d 593, 107 P2d 1 (1940)).  Third, a California Superior Court sitting in probate is a court of general jurisdiction, thus giving plaintiffs the opportunity to assert their constitutional claims there.  See Cal Prob Code § 800.

In fact, plaintiffs raised many of the same issues in the conservatorship proceeding that they raise in their federal complaint.  For example, on January 15, 2004, they filed a motion to dismiss the Public Guardian's petition for temporary conservatorship.  Rentz Decl, Doc # 21, Ex F.  In it, plaintiffs alleged that the Public Guardian abused its power and the process, id at 1; that Rose was being held against her will, id; that Rose was the victim of a scheme to deprive her of her civil liberties, id at 3; that Monterey Country Social Services was acting in "retaliation" against plaintiffs, id; that Rose was denied her rights of free speech and association, id at 4; and that Rose was "denied her civil rights to be a free person and to feel whole and live with dignity, id at 5.  On January 23, 2004, the superior court held a hearing on the Public Guardian's conservatorship petition, with plaintiff Gail Sutton present by telephone.  Id Ex I, Ex K at 3.  On January 16, 2005, plaintiffs filed an "emergency petition" to terminate the conservatorship and have themselves

**4**

appointed as conservators, as they are permitted to do under California Probate Code § 1820(3). Supp Rentz Decl, Doc # 22, Ex CC. Their various petitions were denied, but plaintiffs continued to file motions and petitions, many of them repeating the same allegations as well as adding some new ones, including apparent due-process attacks against the conservatorship proceeding itself. Supp Rentz Decl, Doc # 22, Ex CC, DD, EE, II, NN, RR, SS, UU, VV, WW; see Rentz Decl, Doc #21, at 11:16-17 and Ex J at 7-8.

Moreover, ruling on plaintiffs' federal claims would have the same practical effect as an injunction on the conservatorship proceeding, which would no longer be able to close the conservatorship accounts and settle Rose's estate. See <u>Gilbertson</u>, 381 F3d at 977-80. Accordingly, the court invokes the <u>Younger</u> doctrine and abstains from deciding the pending motions.

When plaintiffs seek money damages in a § 1983 action in which <u>Younger</u> principles apply, the court is to stay, rather than dismiss, the federal action until the state proceeding is no longer pending. Id at 981. "In this way, neither the federal plaintiff's right to seek damages for constitutional violations nor the state's interest in its own system is frustrated." Id. Accordingly, the court STAYS this action until the state conservatorship proceeding is concluded and the parties have exhausted all appeals from that proceeding. See <u>Huffman v Pursue, Ltd</u>, 420 US 592, 608 (1975) (holding that plaintiffs must exhaust state appellate remedies before seeking relief in federal district court).

The court will reopen this action when plaintiffs submit evidence, by declaration or otherwise, that the Monterey County Superior Court conservatorship proceeding (docket # MP 16886) is

5

closed and the parties have exhausted all state appeals.  The clerk is directed to close the file administratively, pending an order of the court to reopen.

       IT IS SO ORDERED.



VAUGHN R WALKER
United States District Chief Judge